**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DUSTIN JONES<br>7701 Lindbergh Boulevard, Apt. 1019<br>Philadelphia, PA 19153<br><br>        Plaintiff,<br>  v.<br><br>FORM REMODEL, INC., d/b/a FORM KITCHENS<br>461 2nd Street, Unit 351<br>San Francisco, CA 94107<br><br>        Defendant. | CIVIL ACTION<br><br>No.: _____<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Dustin Jones (*hereinafter* referred to as "Plaintiff") against Form Remodel, Inc., d/b/a Form Kitchens (*hereinafter* referred to as "Defendant" or "Form Remodel") for violations of the Americans with Disabilities Act, as amended ("ADA" – 42 U.S.C. §§ 12101 *et. seq*), the Philadelphia Fair Practices Ordinance ("PFPO"), the Pennsylvania Human Relations Act ("PHRA"),[1] the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" – 43 P.S. §§ 333.101 *et. seq.*), and the Pennsylvania Wage Payment and Collection Law ("PWPCL"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year from the date of dual-filing with the EEOC before he can plead his claims arising under the PHRA, unless the PHRA issues a case closure notice prior to one year (which it has not as of the filing of this lawsuit). Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror his federal claims under the ADA.

## II.     JURISDICTION AND VENUE

2.     This Court may properly maintain jurisdiction over Defendant because Defendant's contact with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.     This action is initiated pursuant to a federal law.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4.     This Court also has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332 via diversity jurisdiction, as all parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     There lies supplemental jurisdiction over Plaintiff's state/local law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

6.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

7.     Plaintiff is proceeding herein under the ADA, and has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of

receiving a notice of dismissal and/or right to sue letter from the EEOC. Other claims outlined in this lawsuit do not require administrative exhaustion.

### III.   PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual, with an address as set forth in the caption.

10. Form Remodel is an online retailer selling "made-to-order kitchens." They are incorporated in Delaware and have headquarters in San Francisco, California.

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.   FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired by Defendant on or about January 3, 2023 as an Account Executive.

14. In total, Plaintiff was employed for approximately three months, until his unlawful termination on or about March 24, 2023.

15. Plaintiff was qualified for this position, as he possesses the requisite skill, experience, and education for it.

16. Plaintiff's job duties included having dialogue(s) with potential customers about kitchen remodeling and Defendant's services.

17. Plaintiff worked entirely as a remote employee located in Philadelphia, PA.

18. Plaintiff was primarily managed by Alexandra Barnes ("Barnes"), Senior Account Executive of Defendant.

19. During Plaintiff's employment, he was told that he was performing his job well. He was not issued any discipline.

20. Defendant's business was disorganized and lacked proper procedures, payroll, and human resources.

21. Plaintiff's December 21, 2022 offer letter stated that Plaintiff would "receive an annual **salary** of $65,000."

22. After commencing employment, Plaintiff reviewed his pay records and discovered that he was instead being paid $31.25 per hour. This caused Plaintiff's pay to fluctuate week to week. In other words, he was not paid salary, as promised in his offer letter.

23. In addition to sometimes paying Plaintiff for **less** than 40 hours per week, in instances where Plaintiff worked **more** than 40 hours per week, he was still paid a rate of $31.25 per hour (as opposed to $46.875, as required by law for an hourly employee).

24. Defendant did not properly and/or accurately track the amount of hours Plaintiff worked.

25. During his employment, Plaintiff often worked in excess of 40 hours per week, including at least six hours of overtime per pay period, but was not compensated at a rate of time and a half for these hours.

26. Plaintiff was not an exempt employee and does not fall within any of the FLSA's exemptions, as he was not paid a salary, did not supervise any employees, did not have any authority to hire or fire anyone and did not make financial, business or advertising/marketing decisions.

27. Pursuant to state and federal wage laws, Plaintiff seeks all unpaid compensation and overtime for his entire period of employment (encapsulated by the *three-year look back* from the initiation of this lawsuit (as expressly permitted by the Pennsylvania Wage Payment & Collection Law, Fair Labor Standards Act, and the Pennsylvania Minimum Wage Act)).

28. Plaintiff is entitled to unpaid overtime and liquidated damages.[2]

29. Plaintiff is *also* entitled to mandatory legal fees and other applicable damages (such as costs and interest) under state and federal law(s). *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

30. In addition, at all times relevant herein, Plaintiff has suffered from serious medical conditions, including Depression (and anxiety-related complications) and heart-related conditions (including but not limited to a heart murmur).

31. Plaintiff has suffered with these medical conditions for at least the last five (5) years and has obtained medical treatment for the same, including but not limited to regular medical appointments.

---

[2] *See e.g*. *Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

32. These medical conditions affect Plaintiff's daily functioning, including but not limited to, his ability to process information, his overall mood, heart function, sleep and performance of daily activities.

33. Despite these medical conditions, Plaintiff was able to perform all of the essential functions of his job, with accommodations.

34. In or about early March 2023, Plaintiff informed Barnes and other managers about his medical conditions and explained that he may need to take time off in the future for necessary medical appointments.

35. Plaintiff also asked Barnes if she could visually show him training modules when they met, because being able to see the training helped with his mental health conditions. Barnes agreed at first but then refused to show Plaintiff the training modules.

36. Overall, Barnes' response to Plaintiff's disclosure of his medical conditions and request for accommodations was cold and rude. It was clear to Plaintiff that Barnes did not support Plaintiff's conditions and/or need for accommodations. For example, in or about March 2023, Barnes rudely asked Plaintiff how his "depression" was doing.

37. Plaintiff also observed and experienced a change in Barnes' demeanor toward him after he disclosed his medical conditions and requested accommodations.

38. For example, prior to disclosing his medical conditions and requesting accommodations in or about early March 2023, Barnes was friendly and professional when interacting with Plaintiff. However, immediately after he disclosed his medical conditions, she treated him much less friendly, was not helpful, failed to assist or answer his questions and treated him in cold and rude manner.

39. In or about late March 2023 (approximately two weeks prior to his termination), Plaintiff complained to Defendant's management that he was not being paid properly for overtime hours.

40. To Plaintiff's knowledge, Defendant did not investigate Plaintiff's wage-related complaint.

41. On or about March 23, 2023, Plaintiff met with Defendant's management and was informed ***for the first time***, that allegedly (1) he was not making "enough progress," (2) there were issues with his relationship with Barnes, and (3) management had ***just learned of this***.

42. Plaintiff responded by telling management that Barnes had previously told Plaintiff he had been "doing great."

43. Plaintiff was then abruptly terminated on March 24, 2023.

44. At the time of his termination, Plaintiff was offered an unsolicited severance agreement, whereby Defendant agreed to pay Plaintiff a small amount of money in exchange for a waiver of all legal claims (including discrimination claims).

45. Defendant does not have a policy which mandates a severance offer to terminated employees.

46. Plaintiff did not accept the severance offer.

47. Throughout late March and even into early April 2023, Defendant provided Plaintiff with shifting and/or contradictory reasons for his termination.

48. Based on the foregoing, Plaintiff avers that he was terminated because of his disabilities/perceived disabilities and in retaliation for requesting reasonable accommodations, and for complaining about unpaid overtime wages, in violation of the ADA, PHRA, PFPO, FLSA, PMWA, and PWPCL.  Defendant also failed to accommodate Plaintiff's disabilities.

**Count I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**(Actual/Perceived Disability Discrimination; Retaliation; Failure to Accommodate)**

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff suffers from qualifying disabilities under the ADA.

51. Plaintiff was qualified to perform the essential functions of his job, with accommodations.

52. Plaintiff requested reasonable accommodations from Defendant, including but not limited to, future time off to attend required medical appointments and assistance in training for his position.

53. Defendant made rude comments to Plaintiff about his medical conditions/requested accommodations, failed to engage in any interactive process with Plaintiff to discuss his requested accommodations and denied his accommodations.

54. Plaintiff was terminated very shortly after disclosing his disabilities to Defendant and requesting accommodations.

55. Plaintiff's disabilities/perceived disabilities were a motivating and/or determinative factor in Defendant's decision to terminate him.

56. Plaintiff's request for accommodations was a motivating and/or determinative factor in Defendant's decision to terminate him.

57. This conduct constitutes violations of the ADA.

## Count II
## Violations of the Fair Labor Standards Act ("FLSA")
### (Unpaid Overtime Compensation; Retaliation)

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff is a qualified employee and Defendant is a qualified employer under the definitional terms of the FLSA.

60. Plaintiff's job duties required him to engage in interstate commerce.

61. Plaintiff worked in excess of 40 hours during several weeks of his employment.

62. Plaintiff should have been compensated at a rate of time and a half for these overtime hours.

63. Defendant failed to pay Plaintiff time and a half for the overtime hours he worked.

64. Furthermore, Plaintiff was terminated within *two weeks* of making a complaint about unfair pay practices (failure to properly pay overtime).

65. Defendant's actions of not paying Plaintiff overtime compensation and firing him because of his complaint of same is a violation of the FLSA.

## Count III
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Unpaid Overtime Compensation; Retaliation)

66. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

67. Plaintiff was not properly compensated for all hours he worked during his employment with Defendant.

68. Plaintiff was also terminated in retaliation for his complaint about unfair pay practices.

69. These actions are violations of the PMWA.

### Count IV
### Violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL")
### (Unpaid Wages)

70. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71. Plaintiff was not paid for all minutes, hours or time worked within Defendants – as he performed work, as requested, in excess of 40 hours per week and was not properly compensated.

72. Plaintiff was also terminated in retaliation for making complaints about unpaid overtime hours.

73. These actions constitute violations of the PWPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination, retaliation in the future against any employee(s), overtime and wage violations;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, unpaid compensation and unpaid overtime work;

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

  D. Plaintiff is to be awarded liquidated damages and punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

  E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

  F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

  G. Plaintiff is to receive a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esquire
Jeremy M. Cerutti, Esquire
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 27, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dustin Jones | : | CIVIL ACTION |
| v. | : | |
| Form Remodel, Inc., d/b/a Form Kitchens | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 7/28/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7701 Lindbergh Boulevard, Apt. 1019, Philadelphia, PA 18153

Address of Defendant: 461 2nd Street, Unit 351, San Francisco, CA 94107

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/28/2023  _____  ARK2484 / 91538
         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/28/2023  _____  ARK2484 / 91538
         *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JONES, DUSTIN

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
FORM REMODEL, INC., D/B/A FORM KITCHENS

County of Residence of First Listed Defendant: San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FLSA (29USC201)

Brief description of cause:
Violations of the ADA, PFPO, PHRA, FLSA, PMWA and WPCL.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/28/2023
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

[Print]   [Save As...]   [Reset]